UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY JONES,

                                Civil Action No. 18-11542

          Plaintiff,       Honorable Paul D. Borman

                                Magistrate Judge David R. Grand

v.

MIRAMED REVENUE GROUP, LLC,

          Defendant.

_____/

## REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT [20]

Before the Court[1] is Defendant Miramed Revenue Group, LLC's ("Miramed") Motion to Dismiss, filed December 28, 2018. (Doc. #20). Plaintiff Timothy Jones ("Jones"), a licensed Michigan attorney representing himself (Doc. #8), filed a response to Miramed's motion on January 20, 2019, and Miramed filed a reply on February 1, 2019. (Docs. #22, #23). A hearing was held on March 5, 2019. (Doc. #26).

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendant's Motion to Dismiss **(Doc. #20)** be **GRANTED AS TO JONES'S FEDERAL CLAIMS**, and that **JONES'S REMAINING STATE LAW CLAIMS** be **DISMISSED WITHOUT PREJUDICE**.

---

[1] The undersigned was referred all pretrial matters in this action pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Doc. #7).

1

## II. REPORT

### A. Background

This action centers around two telephone calls Jones received from Miramed, a debt collector. Jones alleges that during the first call on April 19, 2018, he picked up the call, and then the caller asked for Jones' mother by her full name. Jones asked if he could take a message, and in response, the "caller proceeded to provide a telephone number and a long case or file number for Plaintiff to record. [Jones] believes that the caller stated that 'a letter had been sent on the 14th.'" (Doc. #19 at 3). Jones contends that Miramed sought to speak with his mother regarding a debt she allegedly owed. Jones alleges that he received a second phone call from Miramed on April 26, 2018, though his amended complaint does not describe the details of this call. (*See* Doc. #19 at 3). Jones initially filed his complaint in the State of Michigan 12th Judicial District small claims court on April 26, 2018, seeking $1,000.00 plus "costs and fees." (Doc. #1-1). On May 16, 2018, Miramed removed the action to this Court, as Jones's complaint asserted a federal claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. (*Id.*).

On October 5, 2018, Jones filed a motion to amend/correct his complaint. (Doc. #12). After a hearing, the Court granted Jones's motion, and Jones filed his operative amended complaint on December 7, 2018. (Doc. #19). In his amended complaint Jones asserts six claims: in Count I, Jones alleges violations of the FDCPA—specifically, he cites 15 USC §§ 1692b[2] and 1692g; in Counts II and III, Jones alleges violations of MCL § 750.539 and § 750.539e, which prohibit eavesdropping and unlawful transmission of messages; and in Counts IV-VI, Jones alleges

---

[2] Actually, Jones' amended complaint references "15 USC §1692(b)," but that is clearly a mistake as § 1692(b) is part of the statute titled "Congressional findings and declaration of purpose." 15 U.S.C. § 1692(b). 15 U.S.C. § 1692b, on the other hand, relates to communications between "[a]ny debt collector communication with any person other than the consumer for the purpose of acquiring location information about the consumer . . ."

2

violations of 720 ILSC 5/14-5 and 720 ILSC 5/14-2(a)(5), the Illinois eavesdropping (and related) statutes.  Miramed filed its instant motion to dismiss on December 28, 2018, pursuant to Fed. R. Civ. P. 12(b)(6), arguing that each of Jones's claims fail on the pleadings.  (Doc. #20).

### B.     Standard of Review

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests a complaint's legal sufficiency.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]."  *Twombly*, 550 U.S. at 556.

In deciding whether a plaintiff has set forth a "plausible" claim, the court must accept the factual allegations as true.  *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  That tenet, however, "'is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice' to prevent a complaint from being dismissed on grounds that it fails to sufficiently comport with basic pleading requirements." *Hogan v. Visio Fin. Servs., Inc.*, 2015 WL 3916084, at *3 (E.D. Mich. June 25, 2015) (quoting *Iqbal*, 556 U.S. at 678); *see also Twombly*, 550 U.S. at 555.  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

When a court is presented with a Rule 12(b)(6) motion testing the sufficiency of a complaint, "it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

Generally, pleadings by *pro se* litigants are construed liberally. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). "*Pro se* litigants who are attorneys, however, 'are not accorded the same consideration as *pro se* litigants who lack substantial legal training…[ ]… [B]ecause an attorney *pro se* litigant would be held to the standard of an attorney in representing others, it is not unfair to hold [the litigant] to the same standard when representing himself." *Doyle v. Sw. Airlines, Inc.*, 2018 WL 1128775, at *1 (D.N.J. Mar. 1, 2018) (internal citations omitted); *see also Sevier v. Apple, Inc.*, No. 3:13-0607, 2015 WL 4873122, at *9 (M.D. Tenn. Aug. 13, 2015), aff'd (Sept. 6, 2016) ("Plaintiff is an attorney and, therefore his filings are not entitled to such deference [given to *pro se* litigants]."); *Osgood v. Main Streat Mktg., LLC*, No. 16CV2415-GPC(BGS), 2017 WL 131829, at *3 (S.D. Cal. Jan. 13, 2017) (collecting cases) (**"**District courts have held that licensed attorneys representing themselves are not entitled to the same liberal treatments as pro se litigants if they are registered members of the bar.").

**C. Analysis**

In its motion to dismiss under Fed. R. Civ. P. 12(b)(6), Miramed argues: 1) Jones lacks standing to sue under 15 U.S.C. §§ 1692b and 1692g, the FDCPA subsections he pled in his amended complaint, because he is not a "consumer" under the statute; 2) Jones's claims under the Michigan eavesdropping statute fail, as a matter of law, because Michigan is a one-party consent state; 3) Jones's claims under the Illinois eavesdropping statute fail because they cannot, or should

4

not, be enforced by this Court; and 4) the judicial proceeding privilege protects the transmission of the recording at issue for litigating this case, such that Counts III, V, and VI of Jones's complaint should be dismissed.

> 1. *Jones Lacks Standing Under the FDCPA Provisions Pled in his Amended Complaint*

In Count I of his amended complaint, entitled, "Violation of the Fair Debt Collection Practices Act 15 USC § 1692 et seq.," Jones references only two specific provisions of the FDCPA, §§ 1692b and 1692g. (Doc. #19 at 4). Miramed persuasively argues that Jones lacks standing to assert claims under either provision of the FDCPA, and that, as a result, the claims should be dismissed.

**15 U.SC. § 1692b**

15 U.S.C. § 1692b defines how a debt collector may communicate with third parties about the debt of a "consumer."[3] Specifically, Section 1692b provides:

> Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall—
>
> > (1) identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer;
> >
> > (2) not state that such consumer owes any debt;
> >
> > (3) not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information;
> >
> > (4) not communicate by post card;

---

[3] 15 U.S.C. §1692a defines "consumer" under the FDCPA as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. §1692a; *see also Montgomery v. Huntington Bank*, 346 F. 3d 693, 696-97 (6th Cir. 2003).

> (5) not use any language or symbol on any envelope or in the contents of any communication effected by the mails or telegram that indicates that the debt collector is in the debt collection business or that the communication relates to the collection of a debt; and
>
> (6) after the debt collector knows the consumer is represented by an attorney with regard to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address, not communicate with any person other than that attorney, unless the attorney fails to respond within a reasonable period of time to communication from the debt collector.

15 U.S.C. § 1692b.

While this section of the FDCPA applies to Jones to the extent he was not a "consumer," the law is clear that it provides no independent private right of action to such third parties. *Litt v. Portfolio Recovery Assocs. LLC*, 146 F. Supp. 3d 857, 867 (E.D. Mich. 2015) (noting that "§ 1692b defines how a debt collector is permitted to communicate with third parties about a 'consumer's' debt, but does not create an independent private right of action."). This should end the analysis with respect to § 1692b because Jones clearly identifies his mother, not himself, as the "the Consumer". (Doc. #19 at 2). Indeed, Jones's amended complaint begins by highlighting how older women, like his mother, the consumer, are allegedly "targeted" by certain "suspect business practices". (Doc. #19 at 2). Jones then alleges, "a person directed by [Miramed] called [Jones] and asked for ***the Consumer by <u>her</u> full name.***" (*Id.* at 2) (emphasis added). Nowhere in his amended complaint does Jones allege that *he* was a consumer under FDCPA, nor any facts suggesting that Miramed was targeting or seeking to speak with him, or collect money from him. Accordingly, to the extent Jones was not the "consumer" vis-à-vis Miramed's calls, he has no claim under Section 1692b. *Litt*, 146 F. Supp. 3d at 867.

While Section 1692b does not create a private right of action, "***a consumer*** still may maintain an action against a debt collector for a failure to adhere to the requirements of § 1692b, but he must do so under § 1692c(b)." *Id.* (emphasis added). In his response brief, Jones attempts

6

to come within this other section of the FDCPA, arguing that Miramed "converted [him] into a consumer, as defined by 1692a(3), by making [him] the object of its collection activity." (Doc. #22 at 11). But Jones makes no such allegation in his amended complaint, and he does not cite any case law to support this position, which would eviscerate § 1692b's differentiation between a "consumer" and "any person other than the consumer for the purpose of acquiring location information about the consumer" who receives the call in question. Instead, Jones simply points to an unsigned "Settlement Agreement and Release," purportedly offered by Miramed to resolve the instant action, in which Jones is referred to as "Consumer" or "Plaintiff." (Doc. #22-2). But such semantics in a draft settlement document (which is arguably not even properly before the Court on the instant motion to dismiss) have no bearing on the question of whether Jones was a "consumer" under the FDCPA with respect to the phone calls in question. As noted above, under the FDCPA, a "consumer" is "any natural person obligated or allegedly obligated to pay any debt," 15 U.S.C. §1692a, and Jones never alleges facts suggesting he owed a debt or was alleged to owe a debt to Miramed.

For all of these reasons, Jones's claim under § 1692b of the FDCPA fail as a matter of law.

**15 U.SC. § 1692g**

Jones's claim under § 1692g of the FDCPA similarly fails. That section of the FDCPA relates to validation of debts, and provides that "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall [] send the consumer a written notice containing [certain specified information, such as the amount of the debt, the name of the creditor to whom the debt is owed, and a statement advising the consumer that her failure to dispute the debt's validity within thirty days will result in the debt collector assuming the debt is valid]." 15 U.S.C. § 1692g. Clearly, this provision of the statute only relates

to aggrieved "consumers," and for the reasons discussed above, Jones has not alleged that he is such a "consumer." Case law confirms that non-consumers like Jones have no standing to assert claims under Section 1692g of the FDCPA. For instance, in *Kaniewski v. Nat'l Action Fin. Servs.*, 678 F. Supp. 2d 541, 545 (E.D. Mich. 2009), the Honorable Robert H. Cleland of this Court explained:

> The Sixth Circuit has expressly held that § 1692c, applying to "consumers," is more limited than other portions of the FDCPA which apply to "any person." *Montgomery v. Huntington Bank*, 346 F.3d 693, 696–97 (6th Cir. 2003). The court stated, "As we have previously explained, **'only a 'consumer' has standing to sue for violations under 15 U.S.C. § 1692c.'"** *Id.* (citing *Wright v. Fin. Serv. of Norwalk, Inc.*, 22 F.3d 647, 649 n. 1 (6th Cir. 1994) (*en banc*)). The term "consumer" is defined as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). Thus, the Sixth Circuit held in *Montgomery* that one who does not owe the alleged debt does not have standing to assert a claim under § 1692c. *Id.* at 697. [] **The same analysis applies to § 1692g**, which imposes certain obligations on debt collectors and their communications with "consumers." *See* 15 U.S.C. § 1692g; *see also Vuaai v. Mortgage Elec. Registry Sys.*, No. 08–14190, 2009 WL 2705819, at *9 (E.D. Mich. Aug. 24, 2009) (Feikens, J.) (holding that the plaintiff lacked standing to bring a claim under § 1692g because he was not obligated to pay the relevant debt).

*Kaniewski*, 678 F. Supp. 2d at 545 (emphasis added).

Accordingly, Jones's claim under Section 1692g of the FDCPA should be dismissed.

**Other Sections of the FDCPA**

In Jones's response to Miramed's motion, he asserts that he "states viable claims under the FDCPA because 15 USC §§ 1692d, 1692e and 1692f apply to 'any person' and not just a consumer." (Doc. #22 at 11). Miramed persuasively argues the Court should "reject and disregard all allegations of fact or causes of action argued in [Jones'] Response that are not pled in his First Amended Complaint." (Doc. #23 at 6).

First, Jones seems to agree that his operative amended complaint does not assert claims under Sections 1692d, 1692e, or 1692f; indeed, he argues that the reason he did *not* raise these

8

claims in that pleading[4] is because, "[w]hen the Court issued the order [allowing the amended complaint] [], the order allowed me only to add counts under the Illinois eavesdropping statute. The Court did not allow me to further amend the complaint…I was prohibited from making any changes in the anterior part of that complaint." (*See* Doc. #26 at 16) Jones's attempt to blame the Court for the contents of his own amended complaint lacks merit.

Jones's initial small claims court complaint contained one single sentence specifying his claim: "Fair Debt Collection Practices Act Violation: They refuse to stop calling, even after telling them they have the wrong person or number." (Doc. #1 at 2). After the matter was removed to this Court, Jones filed a "Motion to Supplement Complaint," in which he sought to add two claims under Michigan law. (Doc. #12). However, at least one of those claims – Count II – was not a "supplemental" claim, because it did not relate to events "that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(b). Rather, Count II simply sought to amend the small claims court complaint to add a Michigan state law claim based on the same calls that formed the basis for Jones's FDCPA claim. (Doc. #12-1 at 5). At oral argument on the motion to amend, Jones asked for permission to add additional claims ***under Illinois law***. (*See* Doc. #21 at

---

[4] There is no dispute that the amended complaint makes no mention of any of these FDCPA sections, which alone is grounds to find that claims under those sections are not part of this case. *See Rivera v. Rosenberg & Assocs., LLC*, 142 F. Supp. 3d 149, 158-59 (D.D.C. 2015) (plaintiff's failure to identify the FDCPA subsections underlying his claims warranted dismissal); *see also Birdette v. Capitol One Bank (USA), N.A.,* No. 12–11640–F, 2012 WL 8319317, at *1 (11th Cir. July 25, 2012) ("the complaint failed to allege which specific provisions or subsections of the FDCPA formed the basis for his allegations. As a result, [Plaintiff] failed to allege any facts to support a claim that the defendant violated the provisions of the FDCPA."); *Conboy v. AT & T Corp.,* 241 F.3d 242, 257 (2d Cir.2001) (affirming dismissal of FDCPA claims) ("The amended complaint specifically refers to 15 U.S.C. § 1692e(11) when invoking the FDCPA. Although the amended complaint makes a general statement that 'AT & T's acts ... violate the FDCPA,' it does not point to any specific substantive provision of the FDCPA other than § 1692e(11)."). Here, although Jones's amended complaint indicates that Count I is brought under "15 USC §1692 et seq," he only accuses Miramed of violating Sections 1692b and 1692g.

9

4-5). He did not mention wanting to add any federal claims. At the conclusion of the hearing, the Court indicated on the record, "I will grant the motion to amend along with the oral motion to further amend." (*Id.* at 34). The Court then noted that Jones's complaint had "become kind of a moving target and [] everyone would benefit from having things set as to what is and is not in the case . . ." (*Id.* at 36). Later that same day the Court issued an order granting Jones's motion and allowing him to file an amended complaint asserting the claims that *he* asked permission to add. (Doc. #18). Accordingly, as the Court explained at the hearing on Miramed's instant motion to dismiss, it did not prohibit Jones from adding any particular claim to his amended complaint – he simply never indicated a desire to add the FDCPA claims he now apparently wishes to assert. (Doc. #26 at 22) ("if you didn't ask for the right to amend, to supplement, to add claims under [Section 1692]d, e, f, g, *et cetera*, of course I wouldn't note that in my order because you didn't ask for it.").

To the extent Jones is now asking for permission to amend his complaint yet again, that motion should be denied. Jones, a licensed attorney, has had multiple opportunities to assert the claims he believes he has. What Jones chose to file initially as a small claims court complaint was followed up with a written motion to amend, and then an oral motion to further amend during the hearing on that motion. Jones's moving-target approach and lack of thoroughness in prosecuting his claims has led to delay, expense, and additional motion practice. For instance, as discussed above, at the hearing on the first motion to amend – which sought to add only *Michigan* state law claims – Jones asked to also add a claim under an *Illinois* statute. When the Court pointed out that Jones had referenced the Illinois statute in his reply brief, he responded, "[t]hat was a little bit of a bluff because I was out of time. I just didn't really have a chance to look at it." (Doc. #21 at 5). Then, at the hearing on Miramed's motion to dismiss, the Court asked Jones a question to which

10

he responded, "there is actually a case -- I don't have it here at hand -- but it actually dealt with this exact issue . . . I'd be willing to submit [it] to the Court at a future time." (Doc. #26 at 15).

It is inappropriate and unfair to Miramed for Jones to repeatedly seek to amend or add new claims, and file supplemental briefs, especially when he has been solely responsible for his complaint being a "moving target." *See Bowden v. Am. Home Mortg. Servicing, Inc.*, 512 F. App'x 468, 470 (6th Cir. 2013) (denying leave to amend in part due to plaintiff's "'moving target' approach to litigation" that "unduly delays the proceedings" and "causes significant prejudice to [the defendant] who is forced to defend against an ever-changing array of charges."); *Sai v. Transportation Sec. Admin.,* 326 F.R.D. 31, 34 (D.D.C. 2018) ("[c]ourts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint a moving target, to salvage a lost case by untimely suggestion of new theories of recovery, [or] to present theories seriatim in an effort to avoid dismissal.").

In sum, because Jones lacks standing to assert his FDCPA claims as pled, and because he has already had ample opportunity to amend his complaint, Miramed's motion to dismiss Jones's FDCPA claims (Doc. #20) should be granted.

> 2. *The Court Should Decline to Exercise Supplemental Jurisdiction over Jones's Remaining State Law Claims*

Because granting Miramed's motion to dismiss as to Jones's FDCPA claims would leave only state law claims over which the Court would not otherwise have subject matter jurisdiction[5],

---

[5] Although it appears that Jones and Miramed are citizens of different states, in his amended complaint's prayer for relief, Jones seeks a total of only $1,000 in statutory damages, as well as unspecified "punitive damages." (Doc. #19 at 9). In light of that request, the fact that this case grows out of two brief telephone calls, and Jones's election to commence the action in small claims court, the Court may infer that his state law claims do not exceed the $75,000 threshold for diversity of citizenship subject matter jurisdiction under 28 U.S.C. § 1332(a). *Halsey v. AGCO Corp.*, 755 Fed. Appx. 524, 26-29 (6th Cir. 2018). Indeed, even attributing some reasonable value to the injunctive relief requested by Jones – he seems to suggest merely requiring Miramed to

the Court has discretion as to whether to exercise jurisdiction over those claims. 28 U.S.C. § 1367(c)(3); *Schmidt v. PennyMac Loan Servs., LLC*, 106 F. Supp. 3d 859, 872 (E.D. Mich. 2015) ("The statute giving courts jurisdiction over supplemental claims also recognizes that courts have discretion to decline it if, among other reasons, the district court has dismissed all claims over which it has original jurisdiction....") (internal quotations omitted). Although the relevant statute is permissive, the Sixth Circuit has explained that there is a "strong presumption against the exercise of supplemental jurisdiction once federal claims have been dismissed" and that "retaining residual jurisdiction [should occur] 'only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues." *Packard v. Farmers Ins. Co. of Columbus Inc.,* 423 Fed.Appx. 580, 584 (6th Cir. 2011) (internal quotations omitted). *See also Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996) ("[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed.").

Here, given that this case was removed from small claims court and that no discovery has taken place, any concerns about judicial economy and the multiplicity of litigation are outweighed by concerns inherent in this court needlessly deciding issues of Illinois and Michigan telecommunications law. Because Jones first asserted his state law claims as part of the amended complaint he filed in this Court, dismissal of those claims without prejudice makes more sense than remanding those claims to the small claims court from which this action was removed. Accordingly, the Court should dismiss Jones's remaining state law claims without prejudice.

---

advise those it calls that "this call may be recorded" – it is far "more likely than not" that the total amount in controversy is not only less than $75,000, but significantly less. (Doc. #19 at 7, 9).

### III. CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that Defendant's Motion to Dismiss **(Doc. #20)** be **GRANTED AS TO JONES'S FEDERAL CLAIMS**, and that **JONES'S REMAINING STATE LAW CLAIMS** be **DISMISSED WITHOUT PREJUDICE**.

Dated: May 14, 2019
s/ David R. Grand
DAVID R. GRAND
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). Any such response should be concise,

and should address specifically, and in the same order raised, each issue presented in the objections.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 14, 2019.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager
